513 So.2d 1286 (1987)
The School Board of LEE County, Florida, Appellant,
v.
PUBLIC EMPLOYEES RELATIONS COMMISSION and Support Personnel Association of Lee County, Appellees.
No. BJ-84.
District Court of Appeal of Florida, First District.
September 15, 1987.
Rehearing Denied November 5, 1987.
*1287 Harry A. Blair, Ft. Myers, for appellant.
No appearance for appellee Public Employees Relations Com'n.
Thomas W. Brooks of Meyer, Brooks & Cooper, Tallahassee, for appellee Support Personnel Ass'n of Lee County.
ZEHMER, Judge.
The School Board of Lee County appeals a final order of the Public Employees Relations Commission finding it guilty of unfair labor practices in violation of section 447.501, Florida Statutes (1983).[1] The commission ruled that the school board has committed unfair labor practices against school district employees who are members of an employee organization known as the Support Personnel Association of Lee County (SPALC).[2] Finding that PERC's order is overbroad and should be modified in some respects, we reverse and remand.
This dispute arose during a SPALC campaign to replace AFSCME[3] as the union representative for the support personnel of the school district. A school district employee, Dennis Barnhouse, was denied permission by his supervisor, John Soucie, to distribute SPALC literature inside the school district's maintenance and operations building. Soucie also removed SPALC literature which had been posted on the employee personal-use bulletin board in that building. Soucie told Barnhouse that his activities were prohibited by school district policy. The written policy upon which Soucie relied, School District Policy 2.19, reads, in part:
Advertising; promoting interest of private agency.  Neither the pupils, the staff, the facilities nor the grounds of any school may be used in any manner for advertising or otherwise promoting the interest of any commercial, political or non-school agency, individual or organization.
SPALC filed a claim under section 447.501,[4] alleging that the school board had, because of the above described conduct, committed unfair labor practices by unlawfully restricting the right of school district employees to solicit new members and distribute labor organization literature.[5] The *1288 hearing officer to whom the matter was referred held an evidentiary hearing and issued a recommended order which found the school board guilty of unfair labor practices in two respects. The hearing officer recommended that a cease-and-desist order issue directing the board to permit its employees to solicit and distribute literature, and recommended awarding SPALC attorney's fees and costs.
PERC accepted (with two minor exceptions not material to this appeal) the findings of fact and conclusions of law in the recommended order, and concluded that the School District of Lee County "violated section 447.501(1)(a) by maintaining and enforcing a policy which prevented its employees from soliciting union membership and support and from distributing organizational literature to fellow employees during nonwork time and in nonwork areas." PERC's order further concluded that the school district "violated Section 447.501(1)(a) by removing SPALC material from the general purpose employee bulletin board [located in the operations building] where it had been placed by a SPALC supporter" and that the school district "knew or should have known that its actions violated section 447.501(1)(a), and therefore the SPALC is entitled to appropriate attorney's fees and costs pursuant to Section 447.503(6)(c), in an amount to be determined." PERC's order directed, in paragraph (1), that the school district cease and desist from:
(a) Violating Section 447.501(1)(a) by preventing employees from exercising their right to engage in supporting an employee organization of their own choosing through maintenance and enforcement of a policy whereby employees are prohibited from soliciting union membership and support or from distributing literature for this purpose during nonwork times and in nonwork areas.
(b) Violating Section 447.501(1)(a) by removing or causing the removal of any organizational material placed upon the School District's general purpose bulletin board by employee supporters of SPALC.
(c) In any like or related manner, interfering with, restraining or coercing employees in the exercise of rights guaranteed them by Chapter 447, Part II, Florida Statutes (1983).
PERC ordered the school district, in paragraph (2), to take, inter alia, the following affirmative action:
(a) Rescind or revise School District Policy 2.19 so as to permit employee solicitation during nonwork time of all employees involved and to permit distribution of organizational materials by employees during nonwork time in nonwork areas.
(b) Pay to the SPALC its reasonable attorney's fees and costs... .
(c) Post copies of the attached Notice to Employees stating that the School District shall cease and desist from the actions set forth in paragraph 1 above... .
The school board states the three points on appeal as follows: (1) PERC lacked jurisdiction because section 447.509[6] gives the *1289 circuit court exclusive jurisdiction of the charges in this case; (2) PERC erred in holding the school board in violation of section 447.509(1)(b) by prohibiting distribution of literature in work areas; and (3) PERC erred in ordering the school board to give SPALC access to the school board's general bulletin board. In its reply brief, the school board also argues that it was wrong for PERC to order the school board to rescind or revise the written school board policy 2.19 because that policy was not intended to restrict the employee's activities in this case and was not being enforced against employee organizations to prohibit such activity.
Before we address these issues, we point out that the general language of the order, because it is devoid of any reference to the operative facts, has made it difficult to identify, apart from the jurisdictional issue, the critical areas of dispute between these parties. The school board has not undertaken to prohibit all solicitation and distribution by its employees. While the board concedes that it erred in some respects, it contends that not all of its actions were invalid. To some extent, the restrictions placed by the board on SPALC's activities went beyond that permitted by section 447.509(1). In other respects, however, the restrictions were not overbroad. This appeal, therefore, does not simply involve a review of PERC's disapproval of the board's blanket application of an overbroad written policy to prohibit any and all solicitation and distribution on the board's premises.

THE JURISDICTIONAL ISSUE
The school board's challenge to PERC's jurisdiction to hear this case is based on the contention that SPALC's unfair labor practice charge, although couched as an unfair labor practice in violation of section 447.501(1)(a), is actually an attempt to prohibit the board's imposition of restrictions on solicitation and distribution authorized by section 447.509(1). Jurisdiction to enforce statutory rights under the latter section, the board argues, lies exclusively with the circuit courts of this state by virtue of section 447.509(3) giving the circuit courts of Florida jurisdiction to enforce subsection 509 by injunction and contempt proceedings. The board also cites PERC's decisions in Miami Dade Community College v. United Faculty of Miami Dade Community College, 7 FPER 12040 (1980), and Orange County Classified Employees Association, AFSCME v. Orange Education Support Personnel Association, FTP-NEA, 11 FPER 16133 (1985), for the proposition that the exclusivity of circuit court jurisdiction recognized in those cases deprives PERC of jurisdiction in this case.
For the reasons now discussed, we agree with SPALC that PERC had jurisdiction to hear the unfair labor practice charges under the circumstances alleged and proven in this case, and that PERC's exercise of jurisdiction does not conflict with either of the cited decisions. The charges alleged that the board had committed an unfair labor practice by depriving SPALC employee members of rights protected by section 447.501(1)(a). That section, defining "unfair labor practices," prohibits public employers from "interfering with, restraining, or coercing public employees in the exercise of any rights guaranteed them under this part" (meaning part II, which includes sections 447.503 and 447.509).
Section 447.301 provides in part:
(1) Public employees shall have the right to form, join, and participate in, or to refrain from forming, joining, or participating in, any employee organization of their own choosing.
* * * * * *
(3) Public employees shall have the right to engage in concerted activities not prohibited by law, for the purpose of collective bargaining or other mutual aid or protection. Public employees shall also have the right to refrain from engaging in such activities.
An employer's interference with free exercise of the right to organize therein recognized is unquestionably an unfair labor practice in violation of section 447.501(1)(a). The right of solicitation and distribution, although limited by section 447.509, is nonetheless a right subject to protection *1290 under 501(1)(a) and 503, even though the right to solicit members and distribute union informational materials may be said to stem from "the reverse implications of Section 447.509, prohibiting employee solicitation at certain times and distribution at certain times and places." Okaloosa-Walton Junior College Board of Trustees v. PERC, 372 So.2d 1378, 1381 (Fla. 1st DCA 1979), cert. denied, 383 So.2d 1200 (Fla. 1980). As further stated in that case:
No restriction may lawfully be placed on the right of one employee to discuss organizational interests with another on site, on the nonworking time of both, unless by reason of some extraordinary circumstances the restriction is necessary for order and discipline in pursuit of the employer's institutional purposes: here, the educational purposes of the College. The right of employees "to self-organize and bargain collectively ... necessarily encompasses the right effectively to communicate with one another regarding self-organization at the jobsite."
372 So.2d at 1381 (citations omitted). Accord School Board of Dade County v. Dade Teachers Association, 421 So.2d 645 (Fla. 3d DCA 1982). Nothing in the language of section 447.509 suggests that the circuit court possesses exclusive jurisdiction to redress the deprivation of an employee's right of solicitation and distribution protected by sections 447.501 and -.503, even though the scope of that right is circumscribed by section 447.509. Section 447.509(3) gives the circuit court jurisdiction to enforce the restrictions in section 447.509 by injunction or contempt proceedings, but it does not, under any reasonable construction, give the circuit court jurisdiction over an unfair labor practice charge brought against the employer by an employee or his representative organization for violation of employee rights protected by 501.
Neither of the two PERC decisions cited by the board, Miami Dade Community College and Orange County Classified Employees Association, requires us to rule otherwise in view of the distinguishable charges and facts in this case. Neither of the cited cases involved a charge by an employee organization to enforce the right of the employer's employees to engage in organizational activity by solicitation and distribution; rather, both cases were proceedings to stop unlawful practices by others which violated section 447.509. It does not appear in those cases that the persons seeking to solicit or distribute materials were, in fact, employees of the employer purporting to exercise their right to organize other employees. In Miami Dade, 7 FPER 12040 (1980), the commission held that an employer could not, by filing an unfair labor practice charge with the commission, enforce section 447.509 against an employee organization to prohibit activities violating that section by unnamed individuals seeking to organize employees of the college. Thus, it does not appear that the case actually involved an unfair labor practice as defined in section 477.501. In Orange County, 11 FPER 16133 (1985), the commission held that one employee organization could not enforce section 447.509 against a rival employee organization by filing an unfair labor practice charge with the commission to prohibit activities proscribed by that section because the exclusive remedy for enforcement of section 447.509 violations lies in the circuit court. We note the absence of a dispute between the employer and its employee over deprivation of the employee's right to organize.
Without necessarily approving the commission's decision in either case, we observe that the decisive distinction between both cases and the instant case is that the proceeding in Miami Dade and Orange County sought to enforce prohibitions against activity prohibited by section 447.509(1), while in the instant case SPALC, apparently in its representative capacity pursuant to section 447.301(2), filed the unfair labor charge to enforce the legal right of its members who are school board employees to engage in lawful solicitation and distribution. There is no merit to the school board's contention that these two decisions hold that exclusive jurisdiction over all cases involving solicitation and distribution, regardless of the purpose of the *1291 action, lies in circuit court. To so rule would not only misconstrue the cited PERC decisions, but also directly conflict with the rationale of the decisions in Okaloosa-Walton Junior College, 372 So.2d 1378, and School Bd. of Dade County, 421 So.2d 645. We hold, therefore, that when an employer is wrongfully prohibiting lawful solicitation or distribution by its employees in the exercise of their rights to collective organization, the employee organization may enforce its member employees' rights by filing an unfair labor practice charge with PERC pursuant to section 447.501.

DISTRIBUTION IN WORK AREAS
The school board argues next that PERC erred in finding that the board's prohibition of the distribution of literature in working areas during nonworking hours violated section 447.501(1)(a), and urges us to hold that the restrictions imposed on such distribution were permissible under section 447.509(1)(b).[7] The board contends that the language of that section should be read in the conjunctive, i.e., in order to be lawful, the distribution must take place in a nonworking area and during nonwork time. It argues that PERC's construction of the statute is overbroad because it has implicitly ruled that, for purposes of distribution of literature, working areas become nonworking areas during nonworking hours. PERC, responding to this contention, argues that neither the hearing officer nor the commission found it necessary to reach this construction of the statute, and urges that we need not do so either since the board admits that at least some of the alleged acts of distribution prohibited by the board occurred in certain nonworking areas and, thus, were not permissible restrictions under section 447.509.
The core of the dispute appears to be that SPALC contends the order must be affirmed if the school board committed any act in violation of 501  that is, any act not protected by 509  irrespective of whether other restrictions imposed by the board may have been proper under 509. On the other hand, the board, while conceding that some of its restrictions were not permissible under 509, contends that PERC's order must be reversed because the language of the order is so general and overbroad that it purports to prohibit all restrictions on solicitation and distribution by SPALC member employees, including activities that may properly be restricted under 509.
The commission, finding a violation of section 447.501 in respect to the distribution of certain literature, ordered the school board to
cease and desist from ... violating section 447.501(1)(a) by preventing employees from exercising their right to engage in supporting an employee organization of their own choosing through maintenance and enforcement of a policy whereby employees are prohibited from soliciting union membership and support or from distributing literature for this purpose during nonwork times in nonwork areas.

(Emphasis added.) We find this directive to be little more than a generic order to stop breaking the law. It fails to address any specific conduct at any particular time and place on the school board's premises. The order is, therefore, too vague and overbroad with respect to the factual and legal issues presented on this record to be sustained without modification. As the court held in Okaloosa-Walton Junior College:
PERC's remedial order leaves intact the same natural uncertainty that the administration and employees confronted in their early negotiation of guidelines for distribution. In such a state there can be no finding that, in some theoretical way, the administration violated PERA.
372 So.2d at 1385.
The employee's right to solicit and distribute literature is not absolute; it must be balanced against the competing interests of the employer in the efficient operation of the workplace. Permissible restrictions on the employee's right are codified in section 447.509. Section 447.509(1)(a) prohibits solicitation of public employees "during working hours of any *1292 employee who is involved in the solicitation." Subsection 509(1)(b) prohibits distribution of literature "during working hours in areas where the actual work of public employees is performed, such as offices, warehouses, schools ... and any similar public installations." The distinction between oral solicitation and solicitation by distributing written material is made clear in Okaloosa-Walton Junior College, 372 So.2d at 1382:
The order before us recognizes the distinction, found both in Section 447.509(1) and in NLRA decisions, between solicitation and distribution. Oral discussion and solicitation between employees on the jobsite is to be permitted except "during working hours of any employee who is involved in the solicitation." Section 447.509(1)(a). The distribution of organizational literature, however, is subject both to the working hours restriction applicable to solicitation, because distribution is a form of solicitation, and to the further restriction that it not take place "where the actual work of public employees is performed, such as offices ..." nor in other areas "specifically devoted to the performance of the employee's official duties." [Citations omitted.]
* * * * * *
In Stoddard-Quirk, applying the Babcock & Wilcox doctrine that competing interests in employer discipline and employee organization "must be [maintained] with as little destruction of one as is consistent with the maintenance of the other," the NLRB held that oral solicitation by employees cannot be confined to particular places because in fact it "impinges upon the employer's interests only to the extent that it occurs on working time... ." 138 N.L.R.B. at 619. By contrast, the distribution of literature may reasonably be further restricted because it impinges employee interests by the threat of littering ... and, more importantly, because distribution can be effective, and therefore less compelling as against competing employer management interests, as well in limited locations as everywhere on the employer's premises:
The distinguishing characteristic of literature . .. is that its message is of a permanent nature and that it is designed to be retained by the recipient for reading or re-reading at his convenience. Hence, the purpose is satisfied so long as it is received.
The soliciting employee, therefore, is prohibited under section 447.509, as construed in Okaloosa-Walton Junior College, from distributing literature at all times during his working hours and in all areas where actual work is performed. Left unanswered was the question whether, for purposes of distribution, a work area during working hours may be treated as a nonwork area after working hours.
We hold that section 447.509 is intended to prohibit distribution in working areas at all times, and distribution in nonworking areas during the working hours of the employees. Solicitation may take place in any area, but is not allowed during the working hours of the employee involved in the solicitation. Okaloosa-Walton Junior College, 372 So.2d 1378. The commission's order, however, explicitly did not reach this issue. The order found that supervisor Soucie had enforced the policy to prohibit Barnhouse from distributing literature at all times in all places within the building. This policy was clearly more restrictive than the statute.
Accordingly, we set forth the following guidelines to clarify, on the facts of this case, what is permissible and impermissible under the cited statutes. The areas devoted to various work sections and the area where employees check out equipment and parts are clearly work areas. Solicitation may take place in these areas during nonworking hours, but distribution of literature is not allowed in these work areas at any time. The hallway and the area around the time clocks may or may not be considered work areas; this determination is for the school board to make. If these areas are determined to be work areas, distribution in these areas is not allowed, and solicitation is allowed only during nonworking times. The employee break room *1293 and the bathrooms are not working areas, and solicitation and distribution in these areas is allowed in nonworking time, e.g., during lunch and before and after work.

BULLETIN BOARD USE
The school board also argues that the commission erred in concluding that section 447.501(1)(a) prohibits the board from removing SPALC material from one of the bulletin boards in the maintenance building, and in ordering that SPALC be given access to this bulletin board. SPALC argues that this issue is controlled by School Board of Dade County v. Dade Teachers Association, 421 So.2d 645 (Fla. 3d DCA 1982), where the court held that union materials could not be removed from a general-purpose bulletin board.
The commission found, in this case, that the board limited use of the bulletin board to employees' personal messages. Any advertising or other material not personal to an employee was removed. There was no showing that AFSCME was allowed access to this bulletin board; instead, the record shows that AFSCME was provided a separate bulletin board of its own. We find that the school board's limitation of the general bulletin board to the posting of employees' personal messages is reasonable and that the commission exceeded its statutory power in directing the board to give SPALC access to this particular bulletin board. It is appropriate, however, for the commission to direct that SPALC, like AFSCME, be allowed to use a separate bulletin board of their own, the board authorized for AFSCME's use, or some other bulletin board designated by the school board. The decision in School Board of Dade County is distinguishable because the bulletin board in that case was truly a general-purpose board, with no limitation on use, unlike the one in this case.

THE SCHOOL BOARD POLICY
The commission also ordered that the school board rescind or revise School District Policy 2.19 to permit employee solicitation and distribution in nonwork areas during nonworking times. The board argues that, by its express terms, School District Policy 2.19 does not apply to employee solicitation and distribution. While the record is clear that this policy was being applied by supervisor Soucie to prohibit some forms of lawful employee solicitation and distribution, we agree that the written policy does not, by its terms, apply to employee solicitation and distribution and, thus, may remain unchanged. The commission's order should be modified to direct that the school board cease and desist from applying this specific policy to union activities such as those involved in this case.

ATTORNEY'S FEES
The record supports the finding that the board's supervisory personnel knew or should have known that at least some of the actions taken against employee Barnhouse violated section 447.501(1)(a), and that SPALC is entitled to an award of attorney's fees and costs pursuant to section 447.503(6)(c). We find no error in this ruling. The board asks (without citation of authority, however) that, if the appealed order is reversed in part, its liability for attorney's fees be apportioned. While we do not direct such apportionment, we do suggest that on remand the commission review the extent to which the board's actions were permissible, as well as impermissible, and take such determinations into consideration in setting the amount of fee. Since the board has prevailed in substantial part on this appeal, SPALC's motion for appellate attorney's fees will be denied.

CONCLUSION
Although we find no merit to the board's objection to PERC's jurisdiction of the section 447.501 charges made in this case, and affirm, in part, the finding that the school board violated section 447.501 in prohibiting certain of the labor-organizing activities by its employees, we conclude that some of the board's restrictions were proper under section 447.509. Therefore, the commission's order is reversed and the cause remanded for further consideration and entry of a modified order by PERC in accordance with this opinion. The modified *1294 order shall more specifically identify, in terms of the facts of this case, the precise activities that are permissible and impermissible under the controlling statutes. PERC may refer the matter to the hearing officer for further evidentiary proceedings and findings of fact, should that be deemed necessary.
REVERSED and REMANDED.
BOOTH, J., concurs.
JOANOS, J., concurs in part and dissents in part.
JOANOS, Judge, concurring and dissenting in part.
Appellant raised three points on appeal.
The first point was a challenge to PERC's jurisdiction of the subject matter. On this point, I concur with the majority's determination that PERC had jurisdiction.
In the second point, appellant argued that PERC erred by holding that appellant violated section 447.509, Florida Statutes (1983), by prohibiting literature distribution in work areas. I agree with appellee, Support Personnel Association of Lee County, in their view that Appellant's point misconstrues the order. The order did not find as urged by appellant, but found that the School Board violated Section 447.501(1)(a), Florida Statutes (1983), by prohibiting not only literature distribution in work areas but in nonwork areas during non working hours as well. In its order the commission reinforced the hearing officer's finding that Dennis Barnhouse was prevented from distributing SPALC literature in non-work areas during non-work hours. The commission found that Soucie's testimony suggested distribution anywhere on the building premises was forbidden. I agree with appellee that there was competent substantial evidence to support that determination and would affirm on the point. I see no need to require PERC to rewrite the order in regard to this point.
Appellant's third point was that PERC erred by holding that SPALC should have access to the School Board's bulletin boards. I generally concur with the majority's handling of this point. In essence, SPALC should be given the opportunity to use an appropriate bulletin board but it does not have to be one that is restricted for use by employees in exchanging personal messages.
I also concur in the majority's view as to School District Policy 2.19. The language of that policy was not the problem. However, it was the interpretation given the policy that led to the commission of unfair labor practices. The record reveals competent substantial evidence to support the commission's finding that the same areas in which Barnhouse distributed SPALC materials were not considered work areas when he was promoting AFSCME, the incumbent bargaining agent. Barnhouse testified that he had express permission from the director to distribute AFSCME materials, but had been specifically prohibited from distributing SPALC information to other employees. It is clear that the school board impermissibly enforced Policy 2.19 in a discriminatory manner.
As to attorney's fees on appeal, since my view is that appellee's position should substantially prevail, I would grant attorney's fees.
NOTES
[1] All statutory references will be to Florida Statutes (1983) unless otherwise indicated.
[2] The commission's finding that SPALC is an employee organization within the meaning of section 447.203(11), Florida Statutes (1983), is not challenged on appeal.
[3] The abbreviated name for another employee organization, American Federation of State County and Municipal Employees, AFL-CIO.
[4] Section 447.501 provides in pertinent part:

(1) Public employers or their agents or representatives are prohibited from:
(a) Interfering with, restraining, or coercing public employees in the exercise of any rights guaranteed them under this part.
[5] The "Basis of the charge" reads:

Since on or about February 14, 1985, the employer has promulgated and enforced an overbroad no solicitation/no distribution rule against employees of the School Board of Lee County who were seeking to communicate with fellow employees in the exercise of their rights guaranteed by Section 447.301, Florida Statutes (1983) to form and join an employee organization to replace the employee organization which is currently certified as exclusive bargaining representative of these employees.
Specifically, on or about February 14, 1985, the employer, through its agent John Soucie, Director of Maintenance and Operations, prevented employee supporters of the Charging Party from distributing the Charging Party's newsletter to fellow employees on non-work time in non-work areas. Soucie stated that School Board policy required that such literature be distributed only outside the fenced parking lot of the maintenance area.
Additionally, on or about February 25, 1985, Soucie removed a copy of the Charging Party's organizational information sheet from the general purpose employee bulletin board in the Maintenance and Operations building which had been placed there by an employee supporter of the Charging Party. Upon being questioned, Soucie told this employee that he would not permit any of the Charging Party's literature anywhere within the building.
The above-described conduct constitutes a blatant violation of Section 447.501(1)(a), Florida Statutes (1983), and the School Board knew or should have known that such conduct was violative of the law. The Charging Party is therefore entitled to, and hereby requests, an award of attorneys fees and costs in this proceeding.
[6] Section 447.509 reads in pertinent part:

(1) Employee organizations, their members, agents, or representatives, or any persons acting on their behalf are hereby prohibited from:
(a) Soliciting public employees during working hours of any employee who is involved in the solicitation.
(b) Distributing literature during working hours in areas where the actual work of public employees is performed, such as offices, warehouses, schools, police stations, fire stations, and any similar public installations. This section shall not be construed to prohibit the distribution of literature during the employee's lunch hour or in such areas not specifically devoted to the performance of the employee's official duties.
* * * * * *
(3) The circuit courts of this state shall have jurisdiction to enforce the provisions of this section by injunction and contempt proceedings, if necessary... .
[7] See text of statute quoted in note 6 supra.